# EXHIBIT A
# to Notice of Removal

DAVID M. McKIM, ESQ.
(Ca. State Bar No. 077396)
Law Offices of David M. McKim
425 So. E Street, Suite B
Santa Rosa, CA 95404
Telephone: (707) 545-7123
Facsimile: (707) 546-3274

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
2/18/2022 6:12 PM
Arlene D. Junior, Clerk of the Court
By: Melisa Kennedy, Deputy Clerk

Attorney for Plaintiff,
ALISON JAGHAB

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

UNLIMITED JURISDICTION

| | |
|---|---|
| ALISON JAGHAB,<br><br>      Plaintiff,<br><br>vs.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation; and DOES 1-20, inclusive,<br><br>      Defendants. | No. SCV-270255<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the plaintiff, ALISON JAGHAB, and alleges:

FIRST CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of San Mateo.

2. Defendant ALLSTATE NORTHBROOK INDEMNITY COMPANY (hereinafter, "Allstate") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Illinois, maintaining its principal place of business in the State of Illinois. Said defendant is, and at all times hereinmentioned was, engaged in the issuance and sale automobile liability insurance policies to

1.  COMPLAINT FOR DAMAGES

7. On June 6, 2018, Defendant's authorized agent, Ms. Stanna Geeting, affirmatively confirmed to plaintiff's counsel that coverage indeed existed under the Policy for uninsured motorist claims and for the claims made by plaintiff against Ms. Fuents-Perez. In reasonable reliance upon such assurances, plaintiff agreed to the dismissal of the lawsuit against Ms. Fuentes-Perez and instead proceeded with claims against defendant Allstate under its acknowledged uninsured motorist coverage.

8. In January, 2019, defendant Allstate resolved Plaintiff's claim for the cost of medical treatment incurred by Plaintiff as a result of the incident with Ms. Fuentes-Perez. However, Plaintiff's claim for pain and suffering arising under that accident were not resolved at that time. Allstate advised Plaintiff that her Allstate policy required such claims to be resolved by Arbitration.

9. Nevertheless, Allstate continued to send periodic letters to Plaintiff advising her that Allstate's investigation of her claims "continued". Plaintiff became convinced that Allstate was stonewalling her and, on September 24, 2020, she formally demanded arbitration of her claims in a letter of that date. Plaintiff noted in that letter that the subject policy is silent in regard to the procedural details of any arbitration of plaintiff's claims and request that Allstate "meet and confer" in regard to selection of a mutually acceptable arbitrator.

10. Having received no response to that demand for arbitration, it was repeated in writing to Allstate on July 8, 2021. Again, Plaintiff's entreaty was met with silence.

11. Defendant Allstate and Does 1-20, in breach of the covenant of good faith and fair dealing, have failed and refused to resolve

3

COMPLAINT FOR DAMAGES

PAGE 8/12 * RCVD AT 3/14/2022 1:17:39 PM [Central Daylight Time] * SVR:A0185-XFX0021-S/12 * DNIS:8664474293 * CSID: * ANI: * DURATION (mm-ss):00-00

1 policy required of her, save and except only those obligations which
2 were excused by operation of law.
3    18.   Defendant Allstate refused and failed to pay general damages
4 sustained by Plaintiff in the underlying contact; thereby breaching
5 said contact.
6    WHEREFORE, plaintiff prays judgment as follows:
7    1. For general damages on the First Cause of Action for mental
8 distress in a sum according to proof;
9    2. For special damages for pain and suffering sustained by
10 Plaintiff as a consequence of the underlying motor vehicle accident,
11 in a sum according to proof; with interest thereon according to proof;
12    3. For punitive damages on the First Cause of Action in a sum
13 according to proof;
14    4. For reasonable attorney's fees;
15    5. For costs of suit herein incurred; and
16    6. For such other and further relief as the court may deem
17 proper.
18    Dated:  Feb. 18, 2022    LAW OFFICES OF DAVID M. McKIM
19
20               By _____
21                    DAVID M. McKIM, Esq.
                      Attorney for Plaintiff,
22                    ALISON JAGHAB

5                                                    COMPLAINT FOR DAMAGES

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** ALLSTATE NORTHBROOK INDEMNITY
*(AVISO AL DEMANDADO):* COMPANY, an Illinois corporation;
and DOES 1-20, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
2/18/2022 6:12 PM
Arlene D. Junior, Clerk of the Court
By: Melisa Kennedy, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** ALISON JAGHAB
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT, COUNTY OF SONOMA
600 Administration Drive
Santa Rosa, CA 95403

CASE NUMBER:
*(Número del Caso):* SCV-270255

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID M. McKIM, Esq.                                         (707) 545-7123
(CA State Bar No. 77396)
Law Offices of David M. McKim
425 So. E Street, Suite B, Santa Rosa, CA 95404

DATE: 2/18/2022 6:12 PM    **ARLENE D. JUNIOR**    Clerk, by _Melisa Kennedy_, Deputy
*(Fecha)*                              *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Allstate Northbrook Indemnity Company, an Illinois corp.
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Jaghab vs Allstate Northbrook Indemnity Company | (FOR COURT USE ONLY)<br><br>**FILED**<br><br>FEB 1 8 2022<br><br>Clerk of Superior Court of California,<br>County of Sonoma<br>By_____ MK<br>Deputy Clerk |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br>SCV-270255 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON. JENNIFER V DOLLARD FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
  A Case Management Conference has been set at the time and place indicated below:

| Date: Tuesday, 07/05/2022 | Time: 3:00 PM | Courtroom 18 |
|---|---|---|
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 (Rev. May 17, 2019)   NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

PAGE 11/12 * RCVD AT 3/14/2022 1:17:39 PM [Central Daylight Time] * SVR:A0185-XFX0021-S/12 * DNIS:8664474293 * CSID: * ANI: * DURATION (mm-ss):00-00

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CV-1 (Rev. May 17, 2019)   NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

PAGE 12/12 * RCVD AT 3/14/2022 1:17:39 PM [Central Daylight Time] * SVR:A0185-XFX0021-S/12 * DNIS:8664474293 * CSID: * ANI: * DURATION (mm-ss):00-00

```
1  MICHAEL BARNES (State Bar No. 121314)
   JONE TRAN (State Bar No. 239311)
2  DENTONS US LLP
   1999 Harrison Street, Suite 1300
3  Oakland, California 94612
   San Francisco, California 94612
4  Telephone:   (415) 882-5000
   Facsimile:   (415) 882-0300
5  Email:       michael.barnes@dentons.com
                jone.tran@dentons.com
6
7  Attorneys for Defendant ALLSTATE
   NORTHBROOK INDEMNITY COMPANY
```

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
4/11/2022 2:51 PM
Arlene D. Junior, Clerk of the Court
By: Griselda Zavala, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SONOMA

## UNLIMITED JURISDICTION

| | |
|---|---|
| ALISON JAGHAB,<br><br>           Plaintiff,<br><br>     vs.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation; and DOES 1-20, inclusive,<br><br>           Defendants. | Case No. SCV-270255<br><br>**ANSWER OF ALLSTATE NORTHBROOK INDEMNITY COMPANY** |

Defendant Allstate Northbrook Indemnity Company, for itself and no other person or entity, hereby answers the claims and allegations in the unverified Complaint for Damages of plaintiff Alison Jaghab, as follows:

### **GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30(d), Allstate generally denies each and every material allegation of plaintiff's complaint, and each cause of action against Allstate contained therein. Allstate further denies that plaintiff has suffered any injury, damage, or loss as alleged in the complaint, or in any amount or at all, due to any conduct, act, error, or omission of Allstate.

Allstate files this answer without prejudice to its rights to file an amended answer or other response, including a cross-complaint and/or a motion for judgment on the pleadings, after conducting discovery.

As for separate and distinct affirmative defenses, Allstate alleges as follows:

## ADDITIONAL DEFENSES

(Applicable to All Causes of Action)

### First Defense

### (Failure to State Cause of Action)

The complaint, and each purported cause of action in the complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Waiver)

The complaint, and each purported cause of action in the complaint, is barred in whole or in part by the doctrine of waiver.

### Third Defense

### (Estoppel)

The complaint, and each purported cause of action in the complaint, is barred in whole or in part by the doctrine of estoppel.

### Fourth Defense

### (Laches)

The complaint, and each purported cause of action in the complaint, is barred in whole or in part by the doctrine of laches.

### Fifth Defense

### (Unclean Hands)

The complaint, and each purported cause of action in the complaint, is barred in whole or in part by the doctrine of unclean hands.

**Sixth Defense**

**(Accord and Satisfaction)**

The complaint, and each purported cause of action against Allstate in the complaint, is barred by the doctrine of accord and satisfaction.

**Seventh Defense**

**(Set-Off)**

Plaintiff's damages, the fact and extent of which Allstate denies, are set-off or extinguished under the equitable doctrine of set-off or under California Code of Civil Procedure section 431.70.

**Eighth Defense**

**(Privilege)**

The complaint is barred in whole or in part to the extent it is based on alleged acts, conduct, and/or omissions by Allstate that were lawful, privileged, and/or justified.

**Ninth Defense**

**(Obligations Limited to Policy Terms)**

Allstate's obligations, if any, to plaintiff are governed and limited by the terms, definitions, exclusions, conditions, limitations, and endorsements contained in the policy and endorsements (the "Policy") at issue in the complaint.

**Tenth Defense**

**(Plaintiff's Failure to Comply With Policy Terms)**

The complaint, and each and every purported cause of action in the complaint, is barred to the extent plaintiff has failed to perform all of her obligations under the Policy, or satisfy the terms and/or conditions of the Policy, including her duty to cooperate in the processing of claims, to timely report claims, to substantiate allege losses, and any other duties set forth in the Policy.

**Eleventh Defense**

**(Allstate's Compliance with Policy Terms)**

Allstate fully performed all obligations, both express and implied, owed to plaintiff under the Policy and applicable law.

**Twelfth Defense**

**(No Coverage for Claimed Losses)**

The complaint, and each purported cause of action in the complaint, is barred to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss the Policy does not cover, or is excluded from coverage under the Policy's terms, exclusions, conditions and limitations.

**Thirteenth Defense**

**(Policy Limits)**

The Policy provides coverage, if at all, only to the extent of the limits, special limits, and sub-limits of liability, and subject to the deductible amounts, listed on its declaration pages or otherwise contained in the forms and endorsements.

**Fourteenth Defense**

**(No Injury)**

Plaintiff has not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Allstate.

**Fifteenth Defense**

**(No Duty)**

The complaint is barred in whole or in part because Allstate did not owe the duties presumed therein.

**Sixteenth Defense**

**(No Causation)**

Plaintiff is entitled to no relief or recovery from Allstate because she sustained no injury, damage, or loss by reason of any conduct, act, error, or omission on Allstate's part.

**Seventeenth Defense**

**(No Damages)**

The complaint, and each purported cause of action therein, is barred because plaintiff sustained no economic harm from Allstate's alleged conduct.

**Eighteenth Defense**

**(Reasonable Belief)**

Plaintiff should take nothing pursuant to the complaint because her claim to Allstate raised legitimate issues as to Allstate's liability for the claim, if any, and the amount thereof, and Allstate's belief in the validity of these issues was reasonable.

**Nineteenth Defense**

**(Good Faith of Allstate)**

Allstate at all times acted in good faith, reasonably, and without any actual or constructive knowledge of any alleged breach of any contractual or other duty allegedly owed to plaintiff, or any other wrong done to plaintiff. Allstate's conduct was reasonable and in good faith, hence not tortious.

**Twentieth Defense**

**(No Breach of a Duty of Care)**

The complaint, and each and every purported cause of action in the complaint, is barred because Allstate owed and/or breached no duty of care to plaintiff.

**Twenty-First Defense**

**(Plaintiff's Claim Raised Genuine Issues)**

Plaintiff should take nothing pursuant to the complaint because her claims raised genuine issues and/or disputes as to Allstate's duties, if any, and Allstate reasonably believed in the validity of these issues and/or disputes.

**Twenty-Second Defense**

**(Consent and/or Authorization of Plaintiff)**

Plaintiff consented to and/or authorized all conduct and/or omissions of Allstate alleged in the complaint.

**Twenty-Third Defense**

**(No Uninsured Motor Vehicle)**

To the extent plaintiff asserts an uninsured motorist claim, there is no coverage because the motorist in question was not operating an "uninsured motor vehicle" under the Policy and Insurance Code section 11580.2(b).

**Twenty-Fourth Defense**

**(Arbitration)**

To the extent plaintiff asserts an uninsured or underinsured motorist claim, the Court lacks jurisdiction over disputes over the value that claim, which is subject to mandatory arbitration under the Policy and Insurance Code section 11580.2(f).

**Twenty-Fifth Defense**

**(Premature)**

To the extent plaintiff asserts an uninsured or underinsured motorist claim, plaintiff's claims against Allstate are premature because the amount of her recoverable uninsured or underinsured motorist benefits has not been established by agreement or by arbitration.

**Twenty-Sixth Defense**

**(Failure to Obtain Consent to Settle)**

To the extent plaintiff asserts an uninsured or underinsured motorist claim, there is no coverage because plaintiff failed to secure Allstate's written consent to settle with the uninsured motorist or underinsured motorist under the Policy and Insurance Code section 11580.2(c)(3).

**Twenty-Seventh Defense**

**(Failure to Exhaust Underlying Policy)**

To the extent plaintiff asserts an underinsured motorist claim, there is no coverage because plaintiff failed to exhaust "the limits of bodily injury liability policies applicable to all insured motor vehicles causing the injury[,]" including policies issued by the tortfeasor's liability insurer or its proxy, under Insurance Code section 11580.2(p)(3) and the Policy.

### **Twenty-Eighth Defense**

### **(Ratification of Conduct)**

With full knowledge of all facts in any way connected with or relating to the matters alleged in the complaint, plaintiff duly ratified, acquiesced, and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the complaint.

### **Twenty-Ninth Defense**

### **(Limitations Periods)**

The complaint, and each purported cause of action in the complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343 and/or Insurance Code section 11580.2(i).

### **Thirtieth Defense**

### **(Subrogation)**

The complaint, and each purported cause of action in the complaint, is barred in whole or in part to the extent plaintiff breached the Policy's subrogation provision(s) and/or impaired Allstate's subrogation rights.

### **Thirty-First Defense**

### **(Failure to Join Necessary Parties)**

Plaintiff's claims are barred to the extent she failed to join necessary and indispensable parties to this action.

### **Thirty-Second Defense**

### **(Indemnification from Responsible Parties)**

To the extent Allstate is liable, if at all, for any of plaintiff's claims, the fact and extent of which Allstate denies, Allstate is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties responsible for plaintiff's claims.

### **Thirty-Third Defense**

### **(Speculative Nature of Damages)**

Plaintiff is not entitled to recover a monetary judgment to the extent her damages claims are speculative.

**Thirty-Fourth Defense**

**(Mitigation of Damages)**

To the extent plaintiff failed to mitigate, minimize or avoid any damages allegedly suffered, her recovery against Allstate, if any, must be reduced by that amount.

**Thirty-Fifth Defense**

**(No Entitlement to Attorneys' Fees)**

Plaintiff has stated no basis to recover attorneys' fees from Allstate.

**Thirty-Sixth Defense**

**(No Punitive or Exemplary Damages)**

The complaint fails to state facts sufficient to entitle plaintiff to punitive or exemplary damages.

**Thirty-Seventh Defense**

**(Unconstitutionality of Punitive Damages)**

Plaintiff's claim for punitive damages is barred because the California punitive damages statute is unconstitutional under the United States and California Constitutions in that, among other things, it is void for vagueness, violates the equal protection clause, due process clause, contract clause, and/or Eighth Amendment proscription against excessive fines, and imposes an undue burden on interstate commerce.

**Thirty-Eighth Defense**

**(Right to Assert Additional Defenses)**

Allstate reserves its rights to amend its answer to the complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Allstate prays for judgment as follows:

1. That plaintiff take nothing by way of her complaint and that the complaint be dismissed with prejudice;

2. That judgment be entered in Allstate's favor;

3. That Allstate be awarded costs and attorneys' fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 11, 2022

DENTONS US LLP

By _____
MICHAEL BARNES
JONE TRAN

Attorneys for Defendant ALLSTATE NORTHBROOK INDEMNITY COMPANY

*Alison Jaghab vs. Allstate Northbrook Indemnity Co., et al.*
Sonoma County Superior Court, Case No. SCV-270255

## PROOF OF SERVICE

I am a citizen of the United States and employed in Alameda County, California. I am over the age of 18 years and not a party to the within-entitled action. My business address is Dentons US LLP, 1999 Harrison Street, Suite 1300, Oakland, CA 94612. On April 11, 2022, I caused to be served a true and correct copy of the following document:

ANSWER OF ALLSTATE NORTHBROOK INDEMNITY COMPANY

[X] **BY EMAIL -** by transmitting the document listed above via email or electronic transmission, from gloria.courtney@dentons.com, via the electronic mail network of Dentons US LLP, to the persons at the email addresses set forth below.

[X] **BY U.S. MAIL -** by causing the document listed above to be served via EPIQ Corporation, in an envelope with postage thereon fully prepaid, with the United States mail at Oakland, California, addressed as set forth below.

| | |
|---|---|
| David M. McKim, Esq.<br>Law Offices of David M. McKim<br>425 So. E Street, Suite B<br>Santa Rosa, CA  95404<br>Tel.:  (707) 545-7123, Fax:  (707) 546-3274<br>Email:  davidmckimlaw@gmail.com | Attorneys for Plaintiff<br>ALISON JAGHAB |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 11, 2022, at Antioch, California.

*/s/ Gloria Courtney*
Gloria Courtney